NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL RODRIGUEZ-ALEGRIA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-72581 <br><br> Agency No. A205-273-538 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Miguel Angel Rodriguez-Alegria, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo claims of due process violations in immigration proceedings, *Simeonov*, 371 F.3d at 353, and review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

We do not consider any materials that Rodriguez-Alegria references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Rodriguez-Alegria does not challenge the agency's conclusion that his asylum application was untimely filed, and that he failed to establish any changed or extraordinary circumstances to excuse the untimeliness. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny the petition for review as to his asylum claim.

Substantial evidence supports the agency's conclusion that Rodriguez-Alegria failed to establish he would be persecuted on account of his membership in the particular social group of his family. *See INS v. Elias-Zacarias*, 502 U.S. 478,

2                                                                                    15-72581

483 (1992) (an applicant must provide some evidence of motive, direct or circumstantial). Further, we reject Rodriguez-Alegria's contention that he is entitled to withholding of removal based on membership in a particular social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Rodriguez-Alegria's CAT claim because he failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Silaya*, 524 F.3d at 1073. We reject Rodriguez-Alegria's contention that the BIA's analysis was insufficient. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (no due process violation where there is no error).

**PETITION FOR REVIEW DENIED.**